UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| KATHLEEN M. SYDNEY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:13-CV-312-TAV-CCS |
| | ) | |
| COLUMBIA SUSSEX CORPORATION, | ) | |
| COLUMBIA SUSSEX MANAGEMENT, LLC, | ) | |
| COLUMBIA PROPERTIES KNOXVILLE, LLC, | ) | |
| d/b/a KNOXVILLE MARRIOTT HOTEL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on the Motion to Dismiss by Columbia Sussex Corporation, Columbia Sussex Management, LLC, and Columbia Properties Knoxville, LLC, doing business as Knoxville Marriott Hotel ("defendants") [Doc. 5]. Plaintiff responded and moved for an extension for service of process [Doc. 12], to which defendants replied [Docs. 13, 14]. The Court has carefully considered the matter and, for the reasons stated herein, will grant defendants' motion to dismiss.

**I.      Background**

According to the complaint, plaintiff fell on the premises of the Knoxville Marriott Hotel on May 4, 2012 [Doc. 1-2 ¶¶ 7, 10]. Almost a year later, on May 3, 2013, plaintiff commenced this action against defendants in the Circuit Court for Knox County [Doc. 6 p. 1; Doc. 12-1 ¶ 4]. Process was issued at that time [Doc. 6 p. 1; Doc. 12-1 ¶ 4]. Defendants' third-party administrator received a courtesy copy of the complaint on or

about May 6, 2013 [Doc. 6 p. 1], but as plaintiff concedes, defendants were never formally served with process [*see* Doc. 12-1 ¶ 11]. Defendants filed a Notice of Removal on June 5, 2013, which stated, "As of the filing of this notice of removal, service of process has not yet been made on the Defendants" [Doc. 1 ¶ 4]. The docket remained inactive for eleven months, until defendants' filed their motion to dismiss on May 9, 2014, for insufficient service of process.

Defendants claim they are entitled to dismissal of all plaintiff's claims because the time for service under either federal or state law "has long since passed" [Doc. 6 p. 2]. Plaintiff asserts that good cause exists to extend the time for service, citing an affidavit by her attorney detailing the attorney's health and case management issues [*See generally* Docs. 12, 12-1]. Plaintiff's attorney concluded, "[b]ased upon my own personal, physical condition, and due to the change in our office technology, I did not realize that the Defendants had not formally been served with the process, which had been issued by the Knox County Circuit Court, until the filing of Defendants Motion to Dismiss" [Doc. 12-1 ¶ 11].

Despite the attorney's realization and the filing of the motion to dismiss, plaintiff did not attempt to serve defendants, according to defendants' subsequent filings [*See* Doc. 13 p. 5 (stating in their response brief, "despite multiple . . . filings clearly demonstrating that service had not been effectuated, the plaintiff, [as of July 14, 2014], has still not served the Defendants, nor has she taken any effort designed to effectuate service"); Doc. 14 p. 2 n.1 (stating in their notice of supplemental authority, on August

2

14, 2014, "it is undisputed that [plaintiff] has never served process of any kind on Defendants in this action")].

## II. Standard of Review

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a complaint may be dismissed for "insufficient service of process." "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003). A plaintiff is responsible for serving the summons and complaint in accordance with Federal Rule of Civil Procedure 4 and within the time allowed by Rule 4(m). *See* Fed. R. Civ. P. 4(c)(1). "[A]ctual knowledge and lack of prejudice cannot take the place of legally sufficient service." *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999).

Under Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

## III. Analysis

It is undisputed that, as of July 1, 2014, long after the expiration of Rule 4(m)'s 120-day deadline, plaintiff had not served process on any of the defendants [*See* Doc. 12-1 ¶¶ 10, 11]. Accordingly, the Court must determine whether plaintiff has shown good cause for the failure to effect service, and, if not, to either dismiss the action or direct that

3

service be effected within a specified time. *Stewart v. Tenn. Valley Auth.*, 238 F.3d 424, 2000 WL 1785749, at *1 (6th Cir. Nov. 21, 2000) (citing Fed. R. Civ. P. 4(m)). "In other words, the court has discretion to permit late service even absent a showing of good cause." *Id.* (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)); *see also DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011) (observing that Sixth Circuit language stating that dismissal is mandatory absent good cause "originated based on a prior version of Rule 4(m), then Rule 4(j), which did not include the option for a court to order that service be made within a specified time as an alternative to dismissal"); Fed. R. Civ. P. 4 advisory committee's note (stating that the 1993 amendment "authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown"); *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (noting the Supreme Court's and other circuits' interpretations of the advisory committee's note on Rule 4 and holding, "today we join our sister circuits and hold that Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause").

"Good cause requires at least excusable neglect," *Stewart*, 2000 WL 1785749, at *1 (citing *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992)), "as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice," *Moncrief*, 961 F.2d at 597 (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)); *see also Friedman v. Estate of Presser*, 929 F.2d 1151, 1157

4

(6th Cir. 1991) ("[C]ounsel's inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause."). "And just as a lawyer's inadvertence cannot constitute good cause, neither can inadvertence on the part of the lawyer's clerical staff." *Davis v. Brady*, 9 F.3d 107, 1993 WL 430137, at *3 (6th Cir. Oct. 22, 1993). Diligent and reasonable efforts to serve process, however, may warrant a finding of good cause. *See Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73–75 (6th Cir. 1994) (reversing district court's dismissal for lack of good cause when pro se litigant "diligently attempted to effect service" and ultimately effected service three months after the expiration of Rule 4(m)'s 120-day limit).

Here, the Court does not find good cause to extend the time for plaintiff to effect service. Plaintiff had until October 3, 2013—that is, 120 days after the case was removed to this Court—to effect service. *See RDLG, LLC v. RPM Group, LLC*, Nos. 1:10cv204, 1:10cv233, 2010 WL 6594916, at *6 (W.D.N.C. Dec. 21, 2010) ("Other courts that have addressed this issue have also held that the 120-day time period for service of process in a removal action runs from the date of the removal, not the date that the state court complaint was originally filed.").

Plaintiff's counsel explains that he believed "Defendant[s'] removal of this action was in response to being served with process in the underlying Tennessee state court action" [Doc. 12 p. 2] and that he "did not realize that the Defendants had not formally been served with the process, which had been issued by the Knox County Circuit Court, until the filing of Defendants Motion to Dismiss" [Doc. 12-1 ¶ 11]. These statements

5

sound in inadvertence, mistake, and possibly ignorance of the rules of service, not good cause. Paragraph four of defendants' Notice of Removal states, "As of the filing of this notice of removal, service of process has not yet been made on the Defendants" [Doc. 1 ¶ 4]. And removal to federal court does not necessarily indicate successful service of process. *Cf. Gerena v. Korb*, 617 F.3d 197, 202 (2d Cir. 2010) ("There is a clear split of authority on whether or not service of a state court summons, after removal to federal court, is sufficient to effect service.").

Even assuming counsel's medical condition may establish good cause, *see Habib*, 15 F.3d at 74–75 (remanding to district court to explore whether plaintiff's alleged medical complications were "sufficiently sudden and incapacitating" to justify failure of service), counsel's condition explains primarily the failure to serve between June and July 2013 [*see* Doc. 12-1 ¶¶ 2, 5–6]. After July 4, 2013, plaintiff's counsel returned to working more regularly [*see id.* ¶¶ 5–6], meaning he had about three months to serve process prior to the expiration of the 120-day deadline.

In his attempt to further justify his failure to serve defendants, plaintiff's counsel relies on his firm's transition to a new case management system in July 2013 [*See id.* ¶¶ 7–9]. He explains that, because certain information had to be input manually, the relevant dates for service of process were not transferred to the new system [*See id.*]. This too sounds in mistake and inadvertence of counsel and/or his staff rather than good cause.

6

Though this Court did not expressly advise plaintiff to execute service, plaintiff was not without reminders to do so. Defendants' notice of removal, motion to dismiss, and motion to ascertain status all made clear that service had not been effected. Plaintiff's overall pattern of delay, particularly since the filing of defendants' motion to dismiss, further supports that plaintiff has not demonstrated good cause. *See Tines v. PepsiAmericas, Inc.*, 265 F.R.D. 285, 287–88 (W.D. Tenn. Jan. 8, 2010). In *Tines*, plaintiffs failed to effect service within the 120 days due to counsel's erroneous calendaring. *Id* at 287. Despite discovering the error when defendant filed its motion to dismiss, plaintiffs waited thirty-two days to file their motion to extend the deadline. *Id.* at 287–88. And approximately ten months after filing the complaint, plaintiffs still had not filed proof of service on the record. *See id.* at 288. The court found, in light of plaintiffs' pattern of delay, that they had not shown good cause for their failure to timely effect service. *See id.* at 287–88.

Similarly, plaintiff's counsel has proffered an explanation for the initial delay in service—health issues and erroneous calendaring—but not for the failure to promptly serve defendants after they filed their motion to dismiss based on insufficient service. *See id.* at 287 ("[T]he Court is at a loss as to the reason for the additional delay in service of process."). Plaintiff also alleges that she did not discover the lack of process until defendants filed their motion to dismiss [*See* Doc. 12-1 ¶ 11]. Despite this discovery, plaintiff waited almost two months (and about two weeks after defendants filed a motion to ascertain the status of their motion to dismiss) to file her motion to extend time for

service of process. Under Local Rule 7.1(a), plaintiff's response to defendant's motion to dismiss was untimely by at least a month. And one-and-a-half years since filing her complaint, plaintiff has not filed proof of service on the record and apparently has not even attempted to serve defendants.

Consistent with the findings of other courts in the Eastern District of Tennessee, the Court does not find good cause for a mandatory extension under Rule 4(m). *See Holmes v. Gonzalez*, No. 1:09-CV-259, 2010 WL 1408436, at *6 (E.D. Tenn. Apr. 2, 2010) (finding no good cause when defendants' motion to dismiss put pro se plaintiff on notice of service of process deficiencies and plaintiff responded to defendants' motion but did not attempt to correct service); *Jones v. Tenn. Valley Auth.*, Civil Action No. 3:12-26, 2013 WL 1748333, at *2 (E.D. Tenn. Apr. 23, 2013) (finding no good cause when conduct "can best be described as falling into the category of inadvertence, mistake, and ignorance of the rules governing service of process" and "[t]here was ample time and opportunity to correct the deficient service, but there is no record that Plaintiff's local or out-of-state counsel acted to do so").[1]

---

[1] Because good cause requires at least excusable neglect, some courts apply a two-part test—the "excusable neglect standard"—to assess good cause under Rule 4(m). *See, e.g.*, *Tines*, 265 F.R.D. at 286–88. The test requires plaintiffs to establish (1) that the failure to meet the deadline was a case of neglect and (2) that the failure to act was excusable. *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005). Even when applying this test, the Court reaches the same conclusion—there is no good cause.

Defendants acknowledge, and the Court agrees, that counsel's failure to serve within the 120-day deadline "is likely to be construed as neglect" [Doc. 13 p. 2–4 (applying *Turner*, 412 F.3d at 650 ("Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness")); *see also Tines*, 265 F.R.D. at 287 (finding that "erroneously docketing" the time for service amounts to carelessness and therefore was the product of neglect)].

Yet, despite her pattern of delay, lack of effort to effect service, and inadvertence of counsel, plaintiff argues an extension is warranted [*See* Doc. 12]. She reasons that her case is "the exact situation" contemplated by the advisory committee in its note on Rule 4(m) [*Id.* at 3]. The note states that, even if no good cause is shown, an extension "*may be justified* . . . if the applicable statute of limitations would bar the refiled action." Fed. R. Civ. P. 4 advisory committee's note (emphasis added). The Court acknowledges that discretionary extensions may be justified in certain cases, but for the reasons discussed below, the Court declines to evaluate whether it would exercise such discretion in this case.

---

Assuming counsel's failure to serve within 120 days constitutes neglect, to determine whether such neglect is excusable, the Court proceeds to evaluate the relevant factors in the Rule 4(m) context: (1) the danger of prejudice to defendants; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay, including whether it was within plaintiff's reasonable control; and (4) whether plaintiff acted in good faith. *See Turner*, 412 F.3d at 650.

Defendants have not asserted that they are prejudiced by this delay in service, and there is no indication that plaintiff has acted in bad faith. The first factor therefore supports finding excusable neglect, and the fourth factor is neutral. However, as mentioned already, the length of the delay in service is ongoing, and one of plaintiff's reasons for the delay—inadvertence of counsel—generally does not constitute excusable neglect. *See Moncrief*, 961 F.2d at 597; *Jackson v. Chandler*, 463 F. App'x 511, 513 (6th Cir. 2012) ("Clients are held accountable for the acts and omissions of their attorneys, and attorney inadvertence generally does not constitute excusable neglect."). Plaintiff has had control of whether and when to serve defendants, and plaintiff's explanation of health and case management issues can only reasonably explain the failure to serve prior to the filing of defendants' motion to dismiss.

Accordingly, because the first factor favors plaintiff, the second and third factors favor defendants, and the fourth is neutral, the Court finds that plaintiff has failed to establish excusable neglect. *See Tines*, 265 F.R.D. at 287–88 (finding no excusable neglect, and therefore no good cause, when first factor favored plaintiff, second and third factors favored defendant, and fourth factor was neutral); *Bills v. Shelby Cnty. Gov.*, No. 13-2853-STA-cgc, 2014 WL 2612553, at *3–4 (W.D. Tenn. June 11, 2014) (finding factors two and three strongly weighed against plaintiff's request for extension when the delay was ongoing, plaintiff failed to explain why she did not immediately attempt proper service as soon as defendant's motion to dismiss raised the defect, and plaintiff had not taken further action to serve defendant).

Defendants argue that "[b]ecause the plaintiff failed to serve the defendants within the 90 day period required under Tennessee state law, and has not issued new process within one year of the previous process, the plaintiff's claims are now time-barred as a matter of law" [Doc. 6 p. 3]. Plaintiff did not respond to this argument.

"When the application of state tolling and service of process provisions would affect the running of the statute of limitations and thus affect the outcome of the lawsuit in state court, a federal court in a diversity action should apply those same state rules of decision in determining whether an action is barred by the applicable state statute of limitations." *Ringrose v. Engelberg Huller Co.*, 692 F.2d 403, 405 (6th Cir. 1982) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980)); *see also West v. Conrail*, 481 U.S. 35, 39 n.4 (1987) ("Respect for the State's substantive decision that actual service is a component of the policies underlying the statute of limitations requires that the service rule in a diversity suit 'be considered part and parcel of the statute of limitations.'") (quoting *Walker*, 446 U.S. at 752).

Under Tennessee Rule of Civil Procedure 3, "[a]n action is commenced within the meaning of any statute of limitations" when the complaint is filed. If, however, process "is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process." Tenn. R. Civ. P. 3. As the Sixth Circuit has observed, "[u]nder Tennessee Rule of Civil Procedure 3, timely service of process is

Defendants argue that "[b]ecause the plaintiff failed to serve the defendants within the 90 day period required under Tennessee state law, and has not issued new process within one year of the previous process, the plaintiff's claims are now time-barred as a matter of law" [Doc. 6 p. 3]. Plaintiff did not respond to this argument.

"When the application of state tolling and service of process provisions would affect the running of the statute of limitations and thus affect the outcome of the lawsuit in state court, a federal court in a diversity action should apply those same state rules of decision in determining whether an action is barred by the applicable state statute of limitations." *Ringrose v. Engelberg Huller Co.*, 692 F.2d 403, 405 (6th Cir. 1982) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980)); *see also West v. Conrail*, 481 U.S. 35, 39 n.4 (1987) ("Respect for the State's substantive decision that actual service is a component of the policies underlying the statute of limitations requires that the service rule in a diversity suit 'be considered part and parcel of the statute of limitations.'") (quoting *Walker*, 446 U.S. at 752).

Under Tennessee Rule of Civil Procedure 3, "[a]n action is commenced within the meaning of any statute of limitations" when the complaint is filed. If, however, process "is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process." Tenn. R. Civ. P. 3. As the Sixth Circuit has observed, "[u]nder Tennessee Rule of Civil Procedure 3, timely service of process is

essential to the commencement of an action such that the statute of limitations is satisfied." *Dolan v. United States*, 514 F.3d 587, 595 (6th Cir. 2008).

It is undisputed that plaintiff initiated this action in state court and was issued a summons on May 3, 2013 [Doc. 6 p. 1; Doc. 12-1 ¶ 4]. Under Tennessee Rule of Civil Procedure 3, plaintiff was required to either perfect service within ninety days from issuance or to obtain issuance of new process within one year from the previous issuance of process. Plaintiff has done neither.

As in the example pointed to by defendants, when state law requires service of process to satisfy the statute of limitations and those state law requirements have not been met, "[e]xtending the 120 days won't help. It's not the failure to serve within the 120 days—the requirement of Rule 4(m)—that has undone the plaintiff here. It is state law, which must be satisfied in addition to the Rule 4(m) requirement" [Doc. 13 p. 6 (quoting David D. Siegel, *The New (Dec. 1, 1993) Rule 4 of the Federal Rules of Civil Procedure: Changes in Summons Service and Personal Jurisdiction*, 152 F.R.D. 249, 258 (1994)); *see also* 152 F.R.D. at 258 ("[I]f under forum state law the action is not deemed commenced until, for example, the summons is served on the defendant, the diversity plaintiff must be sure not only to file the complaint within the applicable statute of limitations, but also see to it that the summons is actually served on the defendant before the statute expires.")].

Because plaintiff has not complied with Tennessee Rule 3, she cannot rely upon her original commencement date of May 3, 2013, to toll the statute of limitations. *See*

11

*Dolan*, 514 F.3d at 594–96 (holding that the statute of limitations had run when plaintiff did not satisfy the requirements of Tennessee Rule of Civil Procedure 3). Plaintiff fell on May 4, 2012 [Doc. 1-2 ¶¶ 7, 10], and personal injury cases in Tennessee have a one-year statute of limitations, Tenn. Code Ann. § 28-3-104(a)(1) (West 2014). Accordingly, the statute of limitations expired on approximately May 4, 2013, *see Panzica v. Corrections Corp. of Am.*, 559 F. App'x 461, 463 (6th Cir. 2014) ("[T]he statute of limitations ordinarily begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action.") (citation and internal quotation marks omitted), and plaintiff's claims are time-barred, *see Dolan*, 514 F.3d at 594–96; *Campbell v. McMinn Cnty., Tenn.*, No. 1:10-CV-278, 2011 WL 5921431, at *1–4 (E.D. Tenn. Nov. 28, 2011) (finding no good cause under Federal Rule 4(m) and then finding plaintiff's claims to be time-barred by the statute of limitations for failure to serve process or issue new process in accordance with Tennessee Rule 3); *Chandler v. WFM-WO, Inc.*, No. 13-2450, 2014 WL 1654033, at *2–4 (W.D. Tenn. Apr. 24, 2014) (finding plaintiff's action to be time-barred because Tennessee Rule 3 is strictly applied and, without meeting the rule's requirements, the filing of a complaint in state court is inadequate to toll the statute of limitations).

In sum, it appears "the failure to serve process within Rule 4(m)'s 120-day period does not affect the tolling of the statute of limitations unless," as here, "*the failure to serve process causes the district court to dismiss the action*." *Mann v. Am. Airlines*, 324 F.3d 1088, 1091 (9th Cir. 2003) (emphasis added) (citing *Henderson*, 517 U.S. at 656).

## IV. Conclusion

Counsel's medical issues are unfortunate, and the Court recognizes "the overall policy in this Circuit of resolving disputes on their merits, rather than disposing of them on procedural or technical grounds." *Vergis v. Grand Victoria Casino & Resort*, 199 F.R.D. 216, 218 (S.D. Ohio 2000). But "proper service of process is not some mindless technicality," *Friedman*, 929 F.2d at 1156 (citation and internal quotation marks omitted), and in Tennessee it affects the running of the statute of limitations.

For the reasons stated herein, the Court **DENIES** plaintiff's Motion to Extend Time for Service of Process [Doc. 12] and **GRANTS** defendants' Motion to Dismiss [Doc. 5]. Because all claims against defendants are hereby **DISMISSED**, defendants' Motion to Ascertain Status [Doc. 11] is **MOOT**, and the Clerk of Court is directed to **CLOSE** this case.

IT IS SO ORDERED.

                                      s/ Thomas A. Varlan
                                      CHIEF UNITED STATES DISTRICT JUDGE

ENTERED AS A JUDGMENT

    s/ Debra C. Poplin
    CLERK OF COURT